The opinion of the Court was delivered by
Inglis, J.
The error in the judgment, arising from the *65 Clerk’s over-calculation of interest in assessing damages, might have been corrected by amendment, on the plaintiff’s motion, in open Court, at any time, without rule, or other notice to the defendants. In The Bank of Pennsylvania vs. Condy, 1 Hill, 209, a mistake in the judgment and execution precisely similar to this, even where it arose from an over-calculation of interest made by the jury in estimating damages, was corrected by amendment from the copy of the note sued on, and the allegations of the declaration in reference thereto. In Patton vs. Massey, 2 Hill, 475, an error in the judgment and execution arising from a mistake of an opposite character, made by the Clerk, in his assessment, 'making the sum less than the true amount appearing from the previous part of the record to be due, was rectified by amendment. The Court say, in that case: “ This is one of those mistakes, in the discharge of a mere ministerial duty, which is amendable, according to the established usage of the Court,” and “it is inherent in the power of any Court to correct the errors of its ministerial agents, so as to subserve the ends of justice.” And see also Hubbell vs. Fogartie and wife, 1 Hill, 167. It is true, in these cases, the amendments were made upon the return of rules; but that was because the object was to conclude an unwilling party against whose interest the amendment was. And the rules were apparently taken out and returned during the term. But in Giles vs. Pratt, 1 Hill, 239, it was expressly decided that the plaintiff could amend his execution on motion,-as of course, and without a rule or notice to the defendant in execution; and it was there said that the judgment might be also so amended. And see. O’Driscoll vs. McBurney, 2 N. & M. 58.
But, further, the plaintiff, himself, might have cured the Clerk’s mistake by entering on the record a remittitur of the excess of the assessment over the true amount due as appearing from the face of the previous record; for he could therein be only doing what he would have been compelled by the *66 Court to do on a proceeding at tbe defendant’s instance 'against bim for this purpose.
As tbe rule upon tbe defendants was unnecessary, tbe case must be regarded as if no sucb rule bad issued, and tbe plaintiff bad merely moved in term for leave to enter tbe remittitur and to amend bis judgment. So regarded, there is no ground for tbe appellants’ objection. Tbe motion is dismissed.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion dismissed.